UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE, COMPANY, | ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 2:17-cv-00165-LEW |
| ELECTRICITY MAINE LLC, ET AL., | ) ) | |
| Defendants | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, VACATING ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES, AND GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Plaintiff, Zurich American Insurance Company, requests that I reconsider my Order on Defendants' Motion for Attorneys' Fees, wherein I granted Defendants' request for fees pursuant to 24-A M.R.S. § 2436-B. My Order rested on a mistake of fact and for that reason Plaintiffs' Motion for Reconsideration (ECF No. 67) is granted and my prior Order (ECF No. 66) is VACATED. Upon reconsideration of Defendants' Motion for Attorneys' Fees (ECF No. 60), the motion is GRANTED for reasons that follow.

### BACKGROUND

Plaintiff filed this civil action to obtain a judgment declaring it has no duty to defend Electricity Maine, LLC, its officers and related entities against, inter alia, claims of negligent misrepresentation and negligence. On cross-motions for summary judgment, Zurich lost its case. *See Zurich Am. Ins. Co. v. Electricity Me. LLC*, 325 F. Supp. 3d 198 (D. Me. 2018), *aff'd*, 927 F.3d 33 (1st Cir. 2019).

The underlying action involves a suit by electricity consumers who entered into contracts for electricity service with Electricity Maine based on allegedly misleading representations and/or omissions. The policies of insurance that inform the duty to defend inquiry provide commercial general liability coverage and commercial umbrella coverage for bodily injury caused by an occurrence. The coverage provisions define occurrence to mean an accident, and they define bodily injury to include emotional injury, but not injury expected or intended by the insured. Order on Cross Motions for Summary Judgment at 3 – 4 (ECF No. 48). The second amended complaint does not include an express claim for damages based on emotional distress, only a claim for "actual damages in an amount to be proven at trial." *Id.* at 7.

In its summary judgment ruling, the Court determined that the duty to defend arose based on the possibility that allegations concerning Defendants' misrepresentation of the cost of electricity services could be substantiated with a showing of unintentionally misleading statements meeting the coverage definition of "occurrence." *Id.* at 6. Additionally, because the second amended complaint recited a plea for "actual damages in an amount to be proven at trial," the Court reasoned that "it is possible that this relief would include emotional distress damages." *Id.* at 7. The Court relied on *Harlor v. Amica Mutual Insurance Company*, 150 A.3d 793 (Me. 2016), in which the Maine Supreme Judicial Court held that a duty to defend existed based on coverage terms equivalent to those involved in this case even in the absence of an express plea for damages based on emotional distress or bodily injury, on a claim of tortious interference with an advantageous business relationship. *Id.* at 8. Based principally on *Harlor*, the Court granted summary judgment to Defendants.

The Court of Appeals affirmed the judgment, relying on both *Harlor* and its own precedent, *Auto Europe, LLC v. Conn. Indem. Co.*, 321 F.3d 60, 68 (1st Cir. 2003). *Zurich Am. Ins. Co. v. Elec. Maine, LLC*, 927 F.3d 33 (1st Cir. 2019). When discussing the bodily injury requirement, the Court of Appeals emphasized that the policy language did not expressly exclude "'bodily injury' caused by … emotional distress," and reasoned that, therefore, any possible showing of emotional injury at trial could come within the "ambiguous" scope of coverage. *Id.* at 38. The Court of Appeals also explained that, even if it is correct that emotional distress damages are not available on a claim of negligent misrepresentation under Maine law (an issue it did not resolve), liability for such damages could still arise on a "pure negligence" claim based on omissions, and that such a claim presumptively can support an award of damages for emotional distress. *Id.* at 38 – 39.

## DISCUSSION

Electricity Maine and individual defendants Emile Clavet and Kevin Dean request an award of attorneys' fees based on their victory in the duty-to-defend declaratory judgment contest.

Maine law provides that "natural person[s]" who prevail in a declaratory judgment action to determine an insurer's duty to defend are entitled to an award of "costs and reasonable attorney's fees." 24-A M.R.S. § 2436-B(1), (2). In my prior order, I concluded that an award should be granted pursuant to this provision because I mistakenly understood that the coverage was provided in a directors and officers (D&O) policy. Because D&O policies are designed to afford coverage to natural persons, I reasoned that the law required that Plaintiff pay court costs and fees incurred in defense counsel's representation of

3

individual defendants Clavet and Dean. Because the polices are, in fact, commercial liability policies, I am no longer convinced that § 2436-B supports a fee-shifting award. I, therefore, grant the Motion for Reconsideration, vacate the prior Order, and resolve Defendants' Motion for Attorneys' Fees based on the application of Maine common law.

The common law of Maine favors fee-shifting awards for insureds who successfully defend against declaratory judgment actions by showing that a comparison of the insurance policy and the complaint makes it "sufficiently clear" that the insurance company is "potentially liable to indemnify the insured." *Maine Mut. Fire Ins. Co. v. Gervais*, 745 A.2d 360, 363 (1999). An award is said to be inappropriate, however, if, *inter alia*, "the possibility that the insurance policy requires [a defense] is not … obvious on the face of the complaint." *Gervais*, 745 A.2d at 363.

Plaintiff's challenge to the request for fees is based on the argument that "the decision [on duty to defend] could easily have gone the other way." Response at 8 (ECF No. 63). That is not my reading of the summary judgment decision or the First Circuit opinion that affirmed it. While I recognize that the First Circuit held in another case that no duty to defend arose where a complaint "made no claim whatsoever for damage" that would fall outside an applicable coverage exclusion, *see Lyman Morse Boatbuilding, Inc. v. N. Assur. Co. of Am.*, 772 F.3d 960, 967 (1st Cir. 2014), in this case this Court expressly found that the complaint's request for "actual damages" encompassed emotional distress damages within the scope of coverage, and the First Circuit upheld that determination, based on the March 3, 2016 case, *Harlor v. Amica Mutual Insurance Co.*, 150 A.3d 793. Plaintiff filed this declaratory

4

judgment action in May, 2017.  Consequently, the duty to defend inquiry was informed by and made "clear" by *Harlor*.

For the reasons stated in this Court's summary judgment decision and the First Circuit's opinion affirming it, precedent that existed when Plaintiff filed the declaratory judgment action made it sufficiently clear that Plaintiff owes Defendants the duty to defend them in the underlying action, at least so long as the negligence theories remain in the case. Because this finding is the product of an exercise that relies exclusively on the distillation of the policy language, the pleadings, and precedent existing as of the date Plaintiff filed this action, for practical purposes this effectively means that the Court's summary judgment decision was the "obvious" outcome of this litigation.  Consequently, Maine common law entitles Defendants to an award of their costs and fees. *See Pro Con, Inc. v. Interstate Fire & Cas. Co.*, 831 F. Supp. 2d 367, 375 – 76 (D. Me. 2011).

## CONCLUSION

Plaintiff's Motion for Reconsideration (ECF No. 67) is GRANTED.  The Order on Defendants' Motion for Attorneys' Fees (ECF No. 66) is VACATED.  Defendants' Motion for Attorneys' Fees (ECF No. 60) is once again GRANTED, but for the reason set forth herein. Defendants are hereby awarded their costs and fees in the amount of $21,704.42, plus an additional amount for fees incurred in prosecution of Defendants' Motion for Attorneys' Fees. *See IMS Health Corp. v. Schneider*, 901 F. Supp. 2d 172, 199 (D. Me. 2012).

**SO ORDERED.**

**Dated this 30th day of October, 2019.**

/s/ Lance E. Walker
U.S. DISTRICT JUDGE